

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

## *State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

February 21, 2023

<u>via CM/ECF:</u>
Hon. Christine P. O'Hearn, U.S.D.J.
Mitchell H. Cohen Bldg. & US Courthouse
4th & Cooper Streets, RM 1050
Camden, NJ 08101

      Re: <u>Spratley v. New Jersey State Police, et al.
         Civ. Dkt. # 1:22-cv-04586-CPO-MJS</u>

Dear Judge O'Hearn,

    Undersigned counsel represents Defendants New Jersey State Police (NJSP), Taylor Anderson, Steven Beck, Steven Nickels, Thomas O'Connor, and Patrick Callahan in the above-captioned matter. Defendants wish to file a motion to dismiss, and therefore request a pre-motion conference. A summary of Defendants' arguments follows.

    Plaintiff's claims against the State Defendants are barred by the Eleventh Amendment. Plaintiff names Defendants in their official capacities seeking monetary damages, however, they are immune to claims for monetary relief under the Eleventh Amendment when sued in their official capacities. *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 730 F.3d 291, 318 (3d Cir. 2013). Moreover, the Eleventh Amendment prohibits naming a state as a party in federal lawsuits absent the state's consent to suit. U.S. Const., Amend. XI; *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-3125 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

Plaintiffs' claims against NJSP and the Individual Defendants in their official capacities also fail because these Defendants are not "persons" amenable to suit. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 (1989). The same applies, the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 to -2, is modeled after § 1983.

Third, Plaintiff has failed to plead facts to support a failure-to-intervene claim. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted). Plaintiff's allegations are conclusory and pled without adequate facts. And, Plaintiff also cannot maintain this claim for an officer's own alleged unconstitutional use of force. *Mazur v. Twp. of Marlboro*, 2020 U.S. Dist. LEXIS 11270 (D.N.J. Jan. 23, 2020).

Counts Three and Four should also fail against Defendants NJSP and Callahan for several reasons. First, Monell claims apply to municipalities or local governments, but these are State defendants. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Will*, 491 U.S. at 64, 67 n.7. Second, Plaintiff has not pleaded facts supporting a claim for unconstitutional custom or policy. *See Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013); *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 317 (3d Cir. 2014), *overruled on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). The complaint does not identify an unconstitutional policy or practice. It does not plead facts showing said policy or practice created an unreasonable risk of a constitutional violation. The complaint does not plead the defendant-officials were aware of such a risk, or were indifferent to that risk. And, Plaintiff does not plead facts indicating a constitutional injury was suffered due to a failure to implement the supervisory practice or procedure.

Lastly, Defendant Callahan should be dismissed because claims under § 1983 and NJCRA cannot survive solely based on *respondeat superior* liability. *See, e.g., Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012)

We thank the court for its consideration of the within request.

        Sincerely,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

    By: s/Leah E. Traub
        Leah E. Traub
        Deputy Attorney General

Dated: February 21, 2023

cc via CM/ECF:
All counsel of record